```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
EMPIRE STATE CARPENTERS WELFARE,
PENSION, ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR MANAGEMENT
COOPERATION, and SCHOLARSHIP FUNDS and
their TRUSTEES, DALE STUHLMILLER, TODD
HELFRICH, PATRICK MORIN, DOUG O'CONNER,
JOHN O'HARE, CHRIS FUSCO, ALAN EHL,
WILLIAM MACCHIONE, WILLIAM BANFIELD,
JAMES MALCOLM, STANLEY TURTENWALD, ROSS      MEMORANDUM & ORDER
PEPE, ALAN SEIDMAN, LLOYD MARTIN, LARRY      10-CV-0132(JS)(ARL)
THAYER, WILLIAM WEIR, DAVID HAINES,
FRANK WIRT, TOM BURKE, JAMES LOGAN,
FRANK JONES, AARON HILGER, ANGELO
MASSARO, JAMES HOLLEY,

                              Plaintiffs,

        -against-

TATCO INSTALLATIONS, INC.,

                              Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Owen M. Rumelt, Esq.
                    Levy Ratner, P.C.
                    80 Eighth Avenue, 8th Floor
                    New York, NY 10011

For Defendant:      No appearances.
```

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"), issued on August 7, 2012. For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiffs, the Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship, Charitable Trust, Labor Management Cooperation, and Scholarship Funds and its Trustees ("Plaintiffs"), commenced this action on January 13, 2010 seeking payment of delinquent contributions plus interest, the cost of a payroll audit, liquidated damages, attorneys' fees, and costs pursuant to Section 502(g)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(2). Although Defendant Tatco Installations, Inc. executed a waiver of service (Docket Entry 2), it did not answer the Complaint or otherwise appear in this action. Plaintiffs moved for an entry of default on March 16, 2010 (Docket Entry 3), which was entered by the Clerk of the Court on March 19, 2010 (Docket Entry 4).

On January 3, 2011, the Court issued a Notice of Impending Dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because there had been no docket activity since the notation of default the prior year. (Docket Entry 5.) On February 8, 2011, after receiving no response from Plaintiffs, the Court dismissed the Complaint for failure to prosecute. (Docket Entry 6.) On February 9, 2011, Plaintiffs moved for vacatur, arguing that their failure to respond to the Court's Notice was an oversight. (Docket Entry 7.) Thus, on

February 10, 2011, the Court vacated its earlier dismissal order and reopened Plaintiff's case.

On December 20, 2011, nearly ten months later and almost two years after the Complaint was filed, Plaintiffs moved for default judgment and an award of damages. (Docket Entries 8.) On January 3, 2012, the Court referred Plaintiffs' motion to Judge Lindsay for an R&R. (Docket Entry 10).

Judge Lindsay issued her R&R on August 7, 2012 recommending that a default judgment be granted but that Plaintiffs' request for an award of damages be denied with leave to renew. (Docket Entry 16.)

No party has objected to any portion of Judge Lindsay's R&R.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, no party objected to Judge Lindsay's R&R. And the Court finds her R&R to be correct, comprehensive, well-

3

reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

## CONCLUSION

Judge Lindsay's R&R is ADOPTED in its entirety. Plaintiffs' motion for a default judgment is GRANTED; however, Plaintiffs' request for damages is DENIED WITHOUT PREJUDICE at this time. Plaintiffs may renew their request for damages on or before October 1, 2012 by filing a signed copy of the collective bargaining agreement between the parties for the relevant period and proper affidavits and/or declarations referencing the pertinent portions of the agreement as outlined by Judge Lindsay in her R&R. As this case has already suffered from excessive delay, no late submissions will be accepted.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: August 27, 2012
       Central Islip, NY

4